

# Fourth Court of Appeals
## San Antonio, Texas

May 22, 2015

No. 04-15-00300-CR

Jose Miguel **ROMO**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the County Court at Law No. 11, Bexar County, Texas
Trial Court No. 469039
The Honorable Tommy Stolhandske, Judge Presiding

## O R D E R

Appellant, apparently pursuant to a plea agreement with the State, pled no contest to the offense of indecent exposure. As required by Rule 25.2(d) the trial court filed a certification regarding appellant's right to appeal. *See* Tex. R. App. P. 25.2(d); *see also* R. 25.2(a)(2). The trial court's certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." Accordingly, we ordered the county clerk to file an electronic clerk's record containing certain documents, including: "All documents relating to the defendant's plea bargain, including the court's admonishments, the defendant's waiver and consent to stipulation of testimony, and any other stipulations." The clerk's record was filed, however, it does not contain any documents setting out the terms of the plea bargain agreement.

Rule 25.2(a)(2) states, "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and rules on before trial, or (B) after getting the trial court's permission to appeal." R. 25.2(a)(2). Given the terms of Rule 25.2(a)(2), before this court can dismiss an appeal based on a trial court's representation that the case involves a plea bargain and the appellant has no right of appeal, we must know the terms of the plea agreement, i.e., "the punishment recommended by the prosecutor and agreed to by the defendant," in order to know whether the punishment imposed by the trial court exceeded the punishment recommended by the prosecutor and agreed to by the defendant. *Id.* In the absence of plea papers providing this information, this court is unable to determine whether appellant is entitled to proceed or whether we must dismiss the appeal.

Accordingly, we **ORDER** the county clerk file a supplemental clerk's record in this court on or before **June 1, 2015**, containing the document that sets forth the terms of the plea bargain agreement, i.e., the document that sets forth the punishment recommended by the State and agreed to by the appellant.

We further **order** the clerk to serve a copy of this order on: (1) the trial court, (2) the county clerk, (3) the court reporter, and (4) all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of May, 2015.

_____
Keith E. Hottle
Clerk of Court